# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| EDWARD HARRIS, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | Case No. 1:13-cv-01989-WTL-MJD |
| SUPERINTENDENT OF NEW CASTLE CORRECTIONAL, | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Edward Harris for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 13-08-0224. For the reasons explained in this Entry, Harris's habeas petition must be **denied**.

## Discussion

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

1

## B. The Disciplinary Proceeding

On August 11, 2013, Harris was charged with the prison disciplinary offense of assault or battery (a "B" offense). This charged was based on a conduct report which states the following:

> On the above date and approximate time I ofc. Chamness witnessed two offenders standing at ofc desk area. Offenders Harris, E #220296 and Greer, L 876141 were arguing with each other and Harris, E #220296 drew his arm back and hit Greer #876141 in the chest [with] his fist.

On August 11, 2013, Harris was notified of the charge and served him with the screening report. This report notified Harris of his rights. Harris pled not guilty and requested assistance from a lay advocate. He indicated he wished to call Sargent Barton as a witness but declined to request physical evidence.

The hearing was postponed until September 9, 2013, due to a time constraint and the delay in obtaining the witness statement. A hearing officer conducted a disciplinary hearing and found Harris guilty of the charge of assault or battery. Officer Smith served as lay advocate. During the hearing, Harris provided the following statement: "He was hitting me with a stick. I grabbed it and I did not hit him. She told me to let it go and I did."

In lieu of testifying at the hearing, Sargent Barton provided the following written statement: "I have no knowledge of this incident. As you can see, this happened during dayshift and I was not on shift."

The hearing officer found that the charge was supported by the conduct report and the witness statements. Based upon the recommendation of the hearing officer, the following sanctions were imposed: 30 days' loss of commissary and telephone privileges; a 90-day disciplinary segregation suspended; a 90-day deprivation of earned credit time; and a demotion in credit class.

**C. Analysis**

Harris argues that he is entitled to habeas relief because the evidence was insufficient to support the charge and the sanctions violated his Eighth Amendment rights.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the conduct report that Harris was responsible for the assault or battery (a "B" offense) of another offender. This offense is defined as "committing a battery/assault upon another person without a weapon or inflicting bodily injury." See dkt. 9-1; *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). A conduct report alone may provide "some evidence" of guilt. *McPherson*, 188 F.3d at 786. Here, the conduct report shows that Officer Chamness observed Harris hit Greer in the chest. During the hearing, Harris admitted that he was involved in an altercation with Greer, and he failed to provide any evidence aside from his bald statement to demonstrate he did not hit Greer. He only attempted to have Sargent Barton testify on his behalf, but her statement does not aid him. Accordingly, the charge was supported by the conduct report, and this evidence alone is sufficient.

The sanctions imposed were the loss of commissary and telephone privileges; 90-days disciplinary segregation suspended; 90-day deprivation of earned credit time; and a demotion in credit class. There is nothing about these sanctions that could be understood to be cruel and unusual in violation of the Eighth Amendment. Thus no relief is warranted on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Harris to the relief he seeks. Accordingly, Harris's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

The **clerk is directed** to update the docket to reflect the petitioner's address consistent with the distribution portion of this Entry.

**IT IS SO ORDERED.**

Date: 2/19/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EDWARD HARRIS
#220296
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

All Electronically Registered Counsel

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**